UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                               :
ANISHA MOORE,
                                                               :    **MEMORANDUM**
                         Plaintiff,    :    **DECISION AND ORDER**

               - against -            :    17-cv-7114 (BMC)

SOCIAL SECURITY OFFICE, MS.
REAGAN, and MS. VANMANEN,

                       Defendants.
----------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff *pro se* brings this action against the Social Security Office on Staten Island and two individuals who work there. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As further explained below, the complaint is hereby dismissed, but plaintiff is granted 20 days' leave to amend it.

## BACKGROUND

The complaint was filed on a form complaint for Civil Rights actions. Plaintiff alleges that her rights were violated at the Social Security office on December 4, 2017. She states: "They call the police. I want them to stop using force. Every time I ask for a bed mattress, furniture, kitchen set and the back payment of $12,000." Plaintiff states that she suffered injuries to her leg and arm "from medical injections from Richmond University Hospital." She also asserts: "I still have injuries from the last time they call[ed] the police."

Plaintiff seeks injunctive relief: "I want them to stop calling the police every time I'm in the office with people." She also seeks an increase in her Social Security Income Benefit payments.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," then the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). And as with all pleadings, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead sufficient facts – not labels and conclusions or a formulaic recitation of the elements – to raise a facially plausible claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The complaint here fails to state a claim on which relief may be granted because it does not allege that any particular defendant deprived plaintiff of a specific constitutional right: the complaint does not list who exactly did what to plaintiff when, and why those actions violated the Constitution.

Generally, the federal Government and its agencies, including officials acting in their official capacities, are immune from suit because of the doctrine of sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); Kentucky v. Graham, 473 U.S. 159, 167 (1985). There is a limited exception to this rule under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), pursuant to which a plaintiff may recover for some constitutional violations by individual federal agents. Nevertheless, the Supreme Court and the Second Circuit have recently emphasized that the instances in which a plaintiff may maintain a Bivens claim are extremely limited. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1855-58 (2017); Doe v. Gagenbeck, 870 F.3d 36, 42-43 (2d Cir. 2017). Even in the few instances where a Bivens claim is permitted, such a claim must be brought against the individuals personally responsible for the alleged deprivation of the plaintiff's rights, not against the federal government or the agencies where the individuals are employed. See Meyer, 510 U.S. at 486.

In this case, plaintiff appears to allege that individuals employed at the Social Security office violated her civil rights when they called the police. The complaint does not contain enough factual allegations for this Court to conclude that an action under Bivens should be allowed. Subsumed in that deficiency is the failure to specify which individual defendant acted and why calling the police violated a right guaranteed by the Constitution. Plaintiff's only allegation, which she does not ascribe to either of the named individual defendants, is that an unidentified "they" called the police when she came to the Social Security office and demanded furniture and back payments. This claim, even if true, and even if ascribed to the individual defendants, does not implicate any right guaranteed by the U.S. Constitution. Accordingly, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim.

In light of plaintiff's *pro se* status, the court grants her leave to submit an amended complaint within 20 days. Should plaintiff wish to assert a claim for any alleged constitutional deprivation, she must describe the specific incident or incidents, including dates, and name the individuals whom she believes to have been personally responsible for the alleged deprivation of her constitutional rights. She must describe what each defendant did or failed to do in violation of her civil rights. Plaintiff is reminded that an amended complaint completely replaces the original complaint.

## CONCLUSION

For the reasons discussed above, the Court finds that plaintiff has failed to state a claim against the named defendants. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to file an amended complaint within 20 days of the date of this order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If plaintiff does not file an amended complaint within 20 days, the complaint shall be dismissed and judgment will be entered. No summons shall issue at this time; all further proceedings are stayed for 20 days. The Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                _____
                                                                                  U.S.D.J.

Dated: Brooklyn, New York
       December 14, 2017